EAST KAUAI WATER COMPANY, LIMITED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 108997.   Promulgated December 7, 1948.

*E. J. Greaney*, *C. P. A.*, for the petitioner.
*A. J. Hurley*, *Esq.*, for the respondent.

**OPINION.**

MURDOCK, *Judge*: The precise issue for decision is whether that portion of the cost of the petitioner's water system which remained undepreciated at the time of the acceptance of the petitioner's bid for a new franchise should be recovered over the remaining 1 year and 10 months of the original franchise, or over that period plus the 21 years of the new franchise. The petitioner contends that the shorter period should be used, first, because section 19.23 (a)–10 of Regulations 103 relates only to leases which contain an option of renewal, whereas the original franchise contained no such option, and, second, because there was in fact no renewal of the original franchise, which ran its full term and expired before the new one became effective. The provision in the regulations to which the petitioner refers has nothing to do with a case such as this. The petitioner does not refer to the statute or its purpose. This Court stated in *Union Electric Co. of Missouri*, 10 T. C. 802, that:

\* \* \* Section 23 (1) authorizes as a deduction "a reasonable allowance for the exhaustion, wear and tear \* \* \* of property used in the trade or business." The purpose of that provision is to return to the owner the cost of the assets tax-free during their useful lives through deductions from income. "The amount of the allowance for depreciation is the sum which should be set aside for the taxable year, in order that, at the end of the useful life of the plant in the business, the aggregate of the sums set aside will (with the salvage value) suffice to provide an amount equal to the original cost." *United States* v. *Ludey*, 274 U. S. 295.

The respondent correctly contends that the longer period should be used because it became certain at the time the new franchise was granted that the petitioner's facilities would be useful to it during the term of the new lease. The petitioner does not argue that the useful life of the depreciable assets might be shorter than the period covered by the new lease. It is immaterial that the original franchise did not contain an option of renewal or that it continued in full force until it expired. The petitioner, by the acceptance of the new lease, obtained a longer period of time in which to use its properties and their remaining cost should be recovered over that longer period. *Gladding Dry Goods Co.*, 2 B. T. A. 336; *Werner & Werner Clothing & Furnishing Goods Co.*, 9 B. T. A. 69; *E. M. Diebold*, 19 B. T. A. 438.

*Decision will be entered for the respondent.*